UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT D. WHITE,

    Plaintiff,

v.    Case No. 07-14924
    Honorable Patrick J. Duggan

JUDY GREECE,

    Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 8, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiff initiated this action against Defendant on November 16, 2007, alleging that the foreclosure on Plaintiff's property in Ypsilanti, Michigan was illegal. Defendant is the Assistant Vice President for Chase Home Finance, LLC ("Chase"), which held the defaulted mortgage on Plaintiff's property. Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), filed December 10, 2007. In her motion, Defendant contends that Michigan's long-arm statute does not confer personal jurisdiction over her. Defendant alternatively argues that, because she lacks sufficient contacts with the State of Michigan, the Court's exercise of personal jurisdiction over her does not comport with the Due Process Clause of the United States Constitution.

Plaintiff filed a response to Defendant's motion on December 28, 2007. On January 25, 2007, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to Defendant's motion pursuant to Eastern District of Michigan Local Rule 7.1(e)(2). For the reasons that follow, the Court grants Defendant's motion.

### Standard for Rule 12(b)(2) Motion

The plaintiff has the burden of establishing a court's jurisdiction over a defendant. *See Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785 (1936)). Where the defendant's motion to dismiss for lack of personal jurisdiction is supported by affidavits, the plaintiff "by affidavit or otherwise must set forth specific facts showing that the court has jurisdiction." *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974). If the defendant's motion is decided solely on the basis of these materials, the plaintiff need only make a *prima facie* showing of jurisdiction in order to defeat the defendant's motion.[1] *See id.* "Under these circumstances, the burden on the plaintiff is relatively slight and the district court 'must consider the pleadings and affidavits in the light most favorable to the plaintiff.'" *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980) (quoting *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 571 (S.D. Fla. 1978)). A *Prima*

---

[1] Alternatively, if the court concludes that the written materials raise issues of credibility or disputed issues of fact, a preliminary hearing may be held. *Am. Greetings Corp. v. Cohen*, 839 F.2d 1164, 1169 (6th Cir. 1988). In that case, the plaintiff must show by a preponderance of the evidence that jurisdiction exists. *Id.*

*facie* showing requires the plaintiff to "'demonstrate facts which support a finding of jurisdiction ...'" *Id.* at 438 (quoting *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).

**Applicable Law**

"Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question,[2] personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). Under Michigan law, personal jurisdiction over a non-resident defendant can be invoked either via the State's general or limited jurisdiction statutes. *Electrolines, Inc. v. Prudential Assurance Co.*, 260 Mich. App. 144, 166, 677 N.W.2d 874 (2003) (citation omitted). Defendant was neither present in Michigan nor domiciled in Michigan when she was served. *See* MICH. COMP. LAWS ANN. § 600.701 (Michigan's general personal jurisdiction statute). Defendant also has not consented to this Court's jurisdiction. *See id.* Thus jurisdiction over Defendant must be based on Michigan's limited jurisdiction statute.

With respect to individual defendants, Michigan's limited jurisdiction statute

---

[2]In his Complaint, Plaintiff alleges violations of the federal Truth and Lending Act and the Fair Credit Billing Act.

provides:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the state.
>
> (2) The doing or causing an act to be done, or consequence to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of real or tangible personal property situated within the state.
>
> (4) Contracting to insure a person, property, or risk located within this state at the time of contracting.
>
> (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by defendant.
>
> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.
>
> (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

MICH. COMP. LAWS ANN. § 600.705. Pursuant to this section, a court may exercise jurisdiction over a non-resident individual defendant if the plaintiff's cause of action arises from one of the seven acts or relationships set forth in the statute. *See id*.

According to Defendant's affidavit which is attached to her motion, she is a

resident of San Diego County, California. Defendant further attests that she has neither resided in nor visited Michigan. Defendant further states that she conducts no business and has no property in Michigan and has never communicated with Plaintiff. It is Defendant's employer, not Defendant, that held the mortgage on Plaintiff's property. It appears from Plaintiff's complaint and his response to Defendant's motion that Defendant's only relationship with the mortgage on Plaintiff's property was her completion of an affidavit in support of the foreclosure proceedings as an Assistant Vice President for Chase.

In this affidavit, Defendant made the following statements:

1. I am an Assistant Vice President for Chase Home Finance, LLC.

2. I have personal knowledge regarding the facts set forth in this affidavit and am able and competent to testify regarding said facts.

3. I have reviewed Defendant's Brief in Support of Motion for Summary Disposition.

4. I have reviewed the payment history of Kurt White, for loan No. 15162837.

5. I have attached a copy of the payment history of Kurt White, for loan No. 15162837 to this affidavit.

6. The recitation of the payment history of Kurt White, beginning on page 2 of Defendant's Brief and concluding on page 9 of Defendant's Brief comports with information set forth in the attached loan history.

7. On May 1, 2007, Kurt White's mortgage loan will be 29 months in default.

(Pl.'s Compl., Ex. A.)  Defendant signed this affidavit on April 10, 2007, before a Notary Public in San Diego, California.  (*Id.*)

Defendant's completion of this affidavit does not qualify as an act supporting personal jurisdiction under Michigan's limited jurisdiction statute.  Plaintiff fails to set forth any further conduct by Defendant connecting her to this forum.  Therefore, Michigan's long-arm statute does not authorize the Court's jurisdiction over Defendant.  As a result, this Court lacks personal jurisdiction over Defendant.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is **GRANTED**.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Michelle K. Clark, Esq.

Kurt D. White
P.O. Box 247
Willis, MI 48191